Martin Nicolaus SBN 124461
Nicolaus Law Office
1342 California Street
Berkeley, CA 94703
Telephone (510) 526-6946
Fax (510) 868-0588
martin@nicolaus.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| WORKCARE INC.<br><br>    Plaintiff,<br><br>    v.<br><br>WORKCARE HEALTH CENTER PLLC, JIM JOHNSON, JODY UNDERWOOD, FLICKA KORFIATIS, and DOES 1 to 12,<br><br>    Defendants. | NO. **C08-01136EMC**<br><br>**[PROPOSED] SETTLEMENT AGREEMENT, RELEASE, AND CONSENT DECREE** |

    THIS SETTLEMENT AGREEMENT AND RELEASE (this "Agreement") is made and entered into, effective as of May 15, 2008 (the "Effective Date"), by and between WorkCare Inc., having its central office at 300 S.Harbor Boulevard, Suite 600, Anaheim, California 92805 (hereinafter "WorkCare"), and WorkCare Health Center PLLC of 246 N. Mission Street, Wenatchee, Washington 98801, and its principal officers (Jim Johnson, Jody Underwood, and Flicka Corviatis) (hereinafter collectively "WCHC").

    On February 26, 2008, WorkCare initiated a Lawsuit, No. C08-01136 in the United States District Court of the Northern District of California naming WCHC and its principal officers (Jim Johnson, Jody Underwood, and Flicka Corviatis) as Defendants ("the Lawsuit").

   The Parties recognize the time and expense required to continue the Lawsuit and have independently concluded that their respective interests would best be served by entering into this Agreement.

   NOW, THEREFORE, for good and valuable consideration, including the mutual promises made hereinafter, the Parties mutually covenant and agree as follows:

   (1) **Change of Name.**  WCHC agrees to change its name to ANOVA, or to some other name that does not contain the term "WorkCare" or any term similar to or suggestive of "WorkCare."

   (2) **Implementation of Name Change: Internet.**  Within 30 (thirty) days of the Effective Date of this Agreement, WCHC will cease to use the Internet address *workcare1.com* for a website. Thereafter, WCHC will cause the *workcare1.com* Internet address to contain and to show only a text notice as follows:

> "NOTICE: WorkCare Health Center PLLC of Wenatchee WA is in the process of changing its name to [insert new name here]. Its new Internet address is [insert WCHC's new Internet address]. The present website is in the process of being transferred to WorkCare Inc. of Anaheim, whose Internet address is *workcare.com*."

   (3) **Changeover of Email Addresses.**  For a period of no more than 90 (ninety) days following the Effective Date of this Agreement, WCHC will retain ownership of the workcare1.com Internet address for the sole purpose of sending and receiving email messages.

   (4) **Assignment of *workcare1.com*.**  Contemporary with its signature to this Agreement, WCHC will execute a written Assignment transferring the *workcare1.com* domain name registration to WorkCare effective 90 (ninety) days after the Effective Date of this Agreement, and will cooperate with WorkCare in effecting the transfer of the domain name registration electronically.

   (5) **WCHC's New Internet Address.**  The new Internet web site of WCHC will not use or contain the term WorkCare or any term similar to or suggestive of WorkCare. It will not contain the terms "work" and "care," in lower case or upper case characters, within ten words of

Nicolaus Law Office
1342 California Street
Berkeley, CA 94703
Telephone 510-526-6946

1 one another, in any text, page name, meta tag, key word, image name, or any other visible or
2 hidden content.
3     (6) **Implementation of Name Change: Other Media.** Within 90 days after the
4 Effective Date of this Agreement, WCHC will cease distribution of any print material, or any
5 material in any other media, that contains the term "WorkCare" or any other term that is similar to
6 or suggestive of it, and will destroy any existing stocks of such print materials.
7     (7) **Implementation of Name Change: Compliance.** Within 90 days after the
8 Effective Date of this Agreement, WCHC will complete all steps legally necessary and sufficient
9 to register its new name with the State of Washington, with any County and any Municipality in
10 which it does business and where it is required to register, and with any provider of telephone or
11 other utility services, and will notify its principal vendors in writing of the name change. WCHC
12 will allow any existing legal registrations of its current name with State, County and Municipal
13 authorities, and any existing directory listings under its current name to expire, and will not seek
14 to renew them.
15     (8) **Professional Associations.** Within 90 days of the Effective Date of this
16 Agreement, Defendants will notify each and every professional association to which the WCHC
17 entity belongs, and each and every professional association to which the individual defendants
18 belong, of the name change.
19     (9) **Non-Interference.** Plaintiff will not challenge, oppose, seek to cancel, or
20 otherwise interfere with Defendants' new name "ANOVA," or with another new name Defendants
21 may adopt, provided said other new name does not, in Plaintiffs' judgment, contain, refer to,
22 resemble, or suggest the term "WorkCare." Defendants will not challenge, oppose, seek to cancel,
23 or otherwise interfere with Plaintiff's ownership and use of the mark WORKCARE or with
24 Plaintiff's trademark registrations and domain names embodying or containing the mark
25 WORKCARE.
26     (10) **Release of All Claims.** The Parties agree to release, compromise and settle, and
27 intend to accomplish the full release, compromise and settlement of all claims, complaints,
28 actions, and causes of action of any kind whatsoever, whether currently known or unknown, which

Nicolaus Law Office
1342 California Street
Berkeley, CA 94703
Telephone 510-526-6946

were or could have been asserted by Plaintiff against Defendants, or vice versa, and each of their respective directors, officers, assigns, and heirs, without limitation. The Parties intend that all terms and conditions of the compromise and settlement be set forth in this Agreement.

(11) **Warranty**. Plaintiff and Defendants each represent and warrant that each has the full right and authority to enter into this Agreement and to perform all obligations contained in this Agreement.

(12) **Independence**. Each Party joins in the execution of this Agreement voluntarily and upon the advice of such Party's own attorney. Each Party relies solely upon such Party's legal counsel and upon its own understanding to advise such Party as to the legal consequences of executing this Agreement.

(13) **No Construction against Drafter**. This Agreement is a negotiated document, and the Parties hereto agree that, in the event of a dispute as to the meaning of this document or a portion or provision of this document, this document or such portion or provision shall not be construed against the drafter.

(14) **Entire Agreements; Amendments**. This Agreement contains the entire agreement between the Parties. No amendment to this Agreement shall be effective unless contained in a writing signed by both Parties.

(15) **Enforcement, Injunctive Relief**. The parties agree that in the event of a breach of this Agreement, monetary compensation will be insufficient to compensate the aggrieved party, and the aggrieved party will be entitled to seek prompt injunctive relief in the Court where the Lawsuit was filed. In any litigation arising from a breach of this Agreement, the prevailing party shall be entitled to its costs including reasonable attorney's fees.

(16) **Notices**. A Party claiming breach of any provision of this Agreement must provide written notice of such claimed breach and an opportunity to cure at least 60 days prior to filing suit. Notice shall be addressed as provided in the first paragraph of this Agreement.

(17) **Waiver**. The waiver by any Party of any breach of any provision hereof shall not be construed to be a waiver of any succeeding breach of such provision or a waiver of the provision itself.

Nicolaus Law Office
1342 California Street
Berkeley, CA 94703
Telephone 510-526-6946

C08-01136EMC WORKCARE INC. V. WORKCARE HEALTH CENTER PLLC
SETTLEMENT AGREEMENT, RELEASE, AND CONSENT DECREE   PAGE 4 OF 6

(18) **Severability**. Should any portion of this Agreement be held invalid or unenforceable, such portion shall be reformed so as to approximate the intent of the parties as nearly as possible and, if unreformable, shall be deemed severed from this Agreement, leaving the remainder of the Agreement in full force and effect.

(19) **Governing Law; Forum.** This agreement will be governed by and interpreted in accordance with the laws of the State of California, without regard to conflict of laws principles that may require the application of the laws of any other jurisdiction.

(20) **Dismissal.** Upon the execution of this Agreement by all parties, and its approval by the Court, Plaintiff will dismiss the Lawsuit in its entirety with prejudice, each party to bear its own costs and attorney's fees.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the Effective Date.

Plaintiff WORKCARE INC.

By: _____
Peter Greaney, M.D., President

Defendant WORKCARE HEALTH CENTER PLLC

By: _____
Jim Johnson, M.D.; Managing Partner

_____
Jody Underwood, Managing Partner

_____
Flicka Corviatis, Partner

Approved as to Form:

_____
Martin Nicolaus, Esq.
Attorney for Plaintiff

Approved as to Form:
OGDEN MURPHY WALLACE PLLC

By: _____
Robert Kiesz, Esq.
Attorneys for Defendants

Nicolaus Law Office
1342 California Street
Berkeley, CA 94703
Telephone 510-526-6946

C08-01136EMC WORKCARE INC. V. WORKCARE HEALTH CENTER PLLC
SETTLEMENT AGREEMENT, RELEASE, AND CONSENT DECREE    PAGE 5 OF 6

(18) **Severability.** Should any portion of this Agreement be held invalid or unenforceable, such portion shall be reformed so as to approximate the intent of the parties as nearly as possible and, if unreformable, shall be deemed severed from this Agreement, leaving the remainder of the Agreement in full force and effect.

(19) **Governing Law; Forum.** This agreement will be governed by and interpreted in accordance with the laws of the State of California, without regard to conflict of laws principles that may require the application of the laws of any other jurisdiction.

(20) **Dismissal.** Upon the execution of this Agreement by all parties, and its approval by the Court, Plaintiff will dismiss the Lawsuit in its entirety with prejudice, each party to bear its own costs and attorney's fees.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the Effective Date.

Plaintiff WORKCARE INC.

By: _____
Peter Greaney, M.D., President

Defendant WORKCARE HEALTH CENTER PLLC

By: _____
Jim Johnson, M.D., Managing Partner

_____
Jody Underwood, Managing Partner

_____
Flicka Corviatis, Partner
       KORFIATIS

Approved as to Form:

_____
Martin Nicolaus, Esq.
Attorney for Plaintiff

Approved as to Form:
OGDEN MURPHY WALLACE PLLC

By: _____ for
Robert Kiesz, Esq.
Attorneys for Defendants

*Nicolaus Law Office*
*1342 California Street*
*Berkeley, CA 94703*
*Telephone 510-526-6946*

1 | Date: _____5-15-08_____                    Date: _____5-15-08_____

4 | **IT IS SO ORDERED:**

6 | Date: _____

_____
Edward M. Chen
United States Magistrate Judge

Nicolaus Law Office
1342 California Street
Berkeley, CA 94703
Telephone 510-526-6946